**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| **CLUB CAR WASH OPERATING, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:26-cv-04042-MDH** |
| | ) | |
| **BRETT HEBERT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 11). Plaintiff filed Suggestions in Support (Doc. 12), Defendant filed Suggestions in Opposition (Doc. 21) and Plaintiff has filed a reply. (Doc. 23). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED**.

## BACKGROUND

This case arises out of an alleged breach of the Non-Compete, Non-Solicitation, Non-Disclosure and Confidentiality Agreement ("Agreement") Defendant entered into with Plaintiff. Plaintiff Club Car Wash Operating, LLC is a limited liability company and owned by Roland S. Bartels, a Missouri Citizen. Defendant Brett Hebert is a former employee of Plaintiff and a resident of Fond du Lac, Wisconsin.

On February 20, 2026, Defendant removed the case from the Circuit Court of Boone County, Missouri to this Court based on diversity jurisdiction and pursuant to 28 U.S.C. § 1441 and 1446. On February 27, 2026, Plaintiff filed its current motion seeking to remand the case back to the Circuit Court of Boone County, Missouri. Plaintiff argues that the Agreement contained a

1

choice of law and venue provision which mandated that any litigation regarding a breach or threatened breach of the Agreement shall be conducted in the Boone County Circuit Court in Boone County, Missouri. Defendant argues that the Eighth Circuit imposes a clear and unequivocal standard regarding any waiver of a party's statutory right to removal and the Agreement's Choice of Law and Venue Provision does not meet that standard. The Court will evaluate the merits of these arguments below.

## STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.,* citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010).

## ANALYSIS

Plaintiff argues that the parties' forum selection clause in the Agreement constitutes a waiver of Defendant's right to remove this case to federal court. Specifically, Plaintiff argues that the parties unequivocally agreed that any litigation arising out of the Agreement shall be conduced in the Boone County Circuit Court in Boone County, Missouri and that the parties further agreed that they waived any and all venue requirements, as a result of their choice of venue. Defendant argues that the Eighth Circuit imposes a clear and unequivocal standard to any waiver of a party's statutory right to remove and that the alleged waiver fails the standard. In support the Defendant argues that the use of "shall" does not constitute a waiver of removal and that the waiver of venue requirements doe not reach federal removal rights.

"A forum selection clause may waive a defendant's right to remove if it is 'clear and unequivocal.'" *OHM Hotel Group, LLC v. Dewberry Consultants*, LLC, 2016 WL 427959, *4 (E.D. Mo. Feb. 4, 2016) (quoting *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989)). In *Weltman*, the Eighth Circuit did not quote the forum selection clause but found it was not "clear and unequivocal" because it did not address removal. *Weltman*, 879 F.2d at 427. The Eighth Circuit addressed waiver again in *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081 (8th Cir. 2005). There, "the Eighth Circuit held that specific language waiving a right to 'remove'" is not necessarily required; language waiving a right to object to venue is sufficient to waive the right to remove." *Hurtt Fabricating Corp. v. RN'G Constr., Inc.*, 2024 WL 2048869, *3 (E.D. Mo. May 8, 2024) (citing *iNet Directories*, 394 F.3d at 1081–82).

"The Eighth Circuit has not addressed whether a defendant may clearly and unequivocally waive its right to remove through a forum selection clause that contains no specific 'waiver' language." *Id.* at *4. "[H]owever, several district courts within the Eighth Circuit have found that a defendant may do so through a forum selection clause that specifies a state-court forum and includes language such as 'sole,' 'exclusive,' or 'only,' reasoning that such language demonstrates the parties' agreement that the only proper venue for resolving disputes is the specified state court, to the exclusion of all other venues." *Id.*

Here, the Agreement states:

**CHOICE OF LAW AND VENUE.** The parties hereby agree that the validity and construction of this Agreement shall be determined in accordance with the laws of the State of Missouri. The parties hereby specifically agree that any litigation regarding a breach or threatened breach of this Agreement *shall be conducted in the Boone County Circuit Court in Boone County, Missouri, and the parties explicitly waive any and all venue requirements as a result of this choice of venue agreement contained herein.*

(Doc. 1-2, ¶ 15) (Emphasis added). The Court finds this provision of the Agreement includes exclusive language that demonstrates the parties' agreement that the only prover venue is the Circuit Court of Boone County, Missouri through the use of the word "shall". Further, the parties waived any objections to the venue. Defendant does not dispute the validity of the Agreement or execution and instead argues that the clear and unequivocal standard has not been met. The Court disagrees and finds that Defendant waived his right to removal upon signing the Agreement. For the reasons stated, Plaintiff's Motion to Remand is **GRANTED**.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Remand is **GRANTED**. It is hereby **ORDERED** that this matter be **REMANDED** to the Circuit Court of Boone County, Missouri.


**IT IS SO ORDERED.**

DATED: March 24, 2026


_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**